UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 98-CR-0308(2) (PJS) |
| Plaintiff, | |
| v. | ORDER |
| ROGER BRUCE BUGH, | |
| Defendant. | |

Erika R. Mozangue, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Douglas Olson, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant Roger Bruce Bugh pleaded guilty to stealing from an automatic teller machine. On August 20, 1999, Judge James M. Rosenbaum sentenced Bugh to 40 months' imprisonment and ordered Bugh to pay restitution in the amount of $14,999.98. This matter is before the Court on Bugh's motion to suspend his restitution obligation while he is serving the 188-month sentence that this Court imposed on December 2, 2011, in a different case — *United States v. Roger Bruce Bugh*, Case No. 11-CR-0072. Bugh contends that he is unable to make payments toward his restitution obligation to the extent demanded by the Bureau of Prisons ("BOP") and, as a result, he is being harassed and disciplined. *See* ECF No. 164 at 1.

It appears that Bugh is challenging the BOP's administration of the Inmate Financial Responsibility Program ("IFRP"). Under this program, BOP staff are required to help inmates who have outstanding financial obligations (including court-ordered restitution) to develop a plan to meet those obligations. *See* 28 C.F.R. § 545.11. Inmates who either refuse to participate in the IFRP or fail to comply with the provisions of their financial plan lose certain privileges. *See* 28 C.F.R. § 545.11(d). It is unclear whether Bugh has altogether refused to participate in the

IFRP, or whether he has instead failed to comply with the provisions of a financial plan developed under the IFRP. Either way, though, Bugh's motion is not properly before the Court and must be denied.

To begin with, Bugh does not appear to have exhausted his administrative remedies. The BOP has established procedures by which an inmate may challenge a decision of the BOP, including a decision about the collection of restitution under the IFRP. *See Johnpoll v. Thornburgh*, 898 F.2d 849, 850-51 (2d Cir. 1990) (per curiam) (explaining that an inmate seeking a stay of the BOP's collection procedures under the IFRP must first exhaust his administrative remedies); *United States v. Rumney*, 86 F.3d 1147, 1147 (1st Cir. 1996) (unpublished table decision) ("To the extent that appellant is complaining about the Bureau of Prisons' authority to collect the fine, its method of collection, or his ability to pay it through the Inmate Financial Responsibility Program . . . appellant must first exhaust administrative remedies before complaining to a court in the appropriate district."); *see also* 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). There is no evidence that Bugh has used the available administrative procedures to challenge the BOP's actions regarding his restitution obligation.[1]

---

[1]Bugh need not use the available administrative procedures if he can show that doing so would be futile. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004) ("[T]he government waived the exhaustion requirement because it concedes Elwood's continued use of the grievance procedure to contest the validity of the BOP's new policy would be futile."); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."). Here, though, Bugh does not even allege, much less demonstrate, that resort to the BOP's administrative process would be futile.

Even if Bugh had exhausted his administrative remedies, Bugh's recourse would be to seek judicial review by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is incarcerated. *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (explaining that challenges to the IFRP's payment schedule "concern the execution of sentence, and are therefore correctly framed as § 2241 claims brought in the district where the sentence is being carried out"). Bugh is not confined in the District of Minnesota, but in the Northern District of West Virginia. For these reasons, Bugh's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Roger Bruce Bugh's motion to suspend his restitution obligation [ECF No. 164] is DENIED.

Dated: August 6, 2012

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge